UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCUS FONTAIN,
    Plaintiff,

vs.

TERRY NESTOR, *et al.*,
    Defendants.

Case No. 1:22-cv-431
McFarland, J.
Litkovitz, M.J.

ORDER AND REPORT AND
RECOMMENDATION

Plaintiff initiated this action on July 25, 2022. (Doc. 1). Plaintiff did not serve his initial complaint. On August 15, 2022, plaintiff filed an amended complaint against Terry Nestor; Jeffery S. Lane; Prodigy Properties LLC; Zachary D. Prendergast; Robbins Kelly Patterson and Tucker; Brian J. O'Connell; Strauss Troy, LPA; Harjinder Sandhu; H&R Cincy Properties, LLC; Jasreen Sandhu; Ethna M. Coper; Robert W. Peeler; Gregory J. Berberich; John Does 1 through 10; and "the Hamilton County Court of Common Pleas 1 through 5. . . ." (Doc. 5 at PAGEID 527). Plaintiff served his first amended complaint. (*See* Docs. 6-9). On September 6, 2022, defendants O'Connell; Strauss Troy Co., LPA; Harjinder Sandhu; Jasreen K. Sandhu; and H&R Cincy Properties, LLC (collectively, the "Sandhu Defendants") filed a motion to dismiss the first amended complaint. (Doc. 10). On September 7, 2022, current and former state court judicial officer defendants Nestor, Cooper, and Peeler (collectively, the "Judicial Defendants") also filed a motion to dismiss. (Doc. 13).

Between these two motions to dismiss, on September 6, 2022, plaintiff filed a second amended complaint without leave of Court.[1] (Doc. 12). The Judicial Defendants responded by moving to strike or, in the alternative, dismiss the second amended complaint. (Doc. 25). The Sandhu Defendants responded by moving to dismiss the second amended complaint. (Doc. 26).

---

[1] Based on his second amended complaint, plaintiff moved for additional time to respond to the motions to dismiss his first amended complaint on September 21, 2022. (*See* Doc. 21). No party has responded to this motion.

Plaintiff filed an omnibus response to these motions. (Doc. 32).[2] Because the Court finds the Judicial Defendants' motion to strike dispositive, the Court's analysis is limited to the issues raised therein.

**I. Applicable law**

Under Rule 12(f) of the Federal Rules of Civil Procedure, on its own or on motion by a party, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Whether to apply the rule is in the trial judge's discretion. *Watkins & Son Pet Supplies v. Iams Co.*, 107 F. Supp. 2d 883, 887 (S.D. Ohio 1999), *aff'd*, 254 F.3d 607 (6th Cir. 2001). Because it is a "drastic remedy, such motions are generally viewed with disfavor and are rarely granted." *Id.* (citation omitted). *See also Miller v. U.S. Bank, N.A.*, No. 3:17-cv-55, 2018 WL 466426, at *3 (S.D. Ohio Jan. 18, 2018), *report and recommendation adopted*, 2018 WL 708385 (S.D. Ohio Feb. 2, 2018). "In deciding whether to strike a pleading or portions thereof, courts should consider (1) whether the material has any possible relation to the controversy and (2) whether either party would be prejudiced by allowing the pleading to stand as-is." *Miller*, 2018 WL 466426, at *3 (quoting *Amerine v. Ocwen Loan Servicing LLC*, No. 2:14-cv-15, 2015 WL 10906068, at *1 (S.D. Ohio Mar. 31, 2015)).

Rule 15(a) provides for *one* amendment to a pleading as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under 12(b),

---

[2] Plaintiff's response was filed twice to capture both ECF events. (*See* Docs. 32, 33). This response amends a prior response (*see* Docs. 29, 30) but incorporates the exhibits to the prior response. (*See* Doc. 32 at PAGEID 4226). Plaintiff's response also contains his reply in support of his "Motion for Referral to the Office of the Disciplinary Counsel of the Supreme Court of Ohio" (Doc. 19), which is not addressed in this Order.

(e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a).

## II. Arguments

The Judicial Defendants argue that the second amended complaint was improperly filed because plaintiff had already amended his complaint once as a matter of course. (*See* Doc. 5). The Judicial Defendants argue that the fact that the original complaint was not served does not impact the analysis, citing *Guilbeaux v. City of Detroit*, No. 5:19-cv-13728, 2020 U.S. Dist. LEXIS 25005, at *2 (E.D. Mich. Feb. 13, 2020) (citing *Green v. City of Southfield*, No. 15-13479, 2016 WL 692529, at *4 (E.D. Mich. Feb. 22, 2016) (service of a complaint is not required to "trigger" the one-time right to amend as a matter of course under Rule 15(a))). Plaintiff does not address the authority cited by the Judicial Defendants. Plaintiff argues that only his first amended complaint, which was served, "triggered" Rule 15(a), and that he timely filed his second amended complaint thereunder. (*See* Doc. 32 at PAGEID 4229).

## III. Decision

*Green* is directly on point and persuasive. The plaintiff in *Green* filed an original complaint on October 3, 2015 but did not serve it. 2016 WL 692529, at *3. The plaintiff then filed a first amended complaint on October 15, 2015, and another on October 21, 2015—both without leave of court. *Id.* The court held that the plain language of Rule 15(a) does not require service to "trigger" its application, and that the plaintiff's October 15, 2015 amended complaint had exhausted her one-time right to amend regardless of whether the original complaint had been served. *Id.* at *3-4. The court reasoned that the Advisory Committee Notes accompanying the 2009 amendments to Rule 15(a) explain that the revised language was meant to clarify "when and how the right to make one amendment as a matter of course *terminates*" as opposed to

3

setting a precondition of service to Rule 15(a)'s application. *Id.* at *4. The court further noted that reading a service "trigger" into Rule 15(a) would prevent an unserved complaint from ever being amended as a matter of course. *Id.* at n.2. Indeed, taking plaintiff's argument to its logical conclusion would mean that either (1) plaintiff's first amended complaint was invalid, or (2) plaintiff is entitled to *more than one* amendment as a matter of course, which is clearly inconsistent with the plain language of Rule 15(a).

Other decisions in this circuit support the Judicial Defendants' reading of Rule 15(a). In *Tolliver v. Noble*, the Sixth Circuit noted that a pro se prisoner "was free to file an amended complaint as a matter of right at any time before his complaint was dismissed[,]" where he had not served his original complaint, and no party had filed a response or Rule 12 motion relative thereto. 752 F. App'x 254, 262 (6th Cir. 2018). *See also Washington v. Sanchez*, No. 21-cv-11725, 2021 WL 5040328, at *1 (E.D. Mich. Oct. 27, 2021) (citing *Tolliver*) ("Because the complaint was not served on the defendants and, consequently, no response has been filed, Washington may amend his complaint without leave of court pursuant to Fed. R. Civ. P. 15(a)."), *objections overruled*, 2021 WL 5860966 (E.D. Mich. Dec. 10, 2021); *J.H. v. Ohio Dep't of Jobs & Fam. Servs.*, No. 1:19-cv-992, 2020 WL 1428900, at *2 (S.D. Ohio Mar. 24, 2020) (citing *Tolliver*) ("[B]ecause the record indicates that Plaintiff's complaint was not served on Defendants, who have not yet responded in any way to the complaint, Plaintiff may file an amended complaint without leave of court pursuant to Rule 15(a)(1).").

For the foregoing reasons, plaintiff's second amended complaint should be stricken from the docket. *See Nicholson v. City of Westlake*, 20 F. App'x 400, 402 (6th Cir. 2001) (holding that district court did not abuse its discretion when it struck an amended complaint filed in

4

violation of Fed. R. Civ. P. 15(a)).

<b>IT IS THEREFORE RECOMMENDED THAT:</b>

1. The Judicial Defendants' motion to strike or, in the alternative, dismiss plaintiff's second amended complaint (Doc. 25) be **GRANTED** as to the motion to strike and **DENIED AS MOOT** as to the motion to dismiss;

2. The Sandhu Defendants' motion to dismiss plaintiff's second amended complaint (Doc. 26) be **DENIED AS MOOT**.

<b>IT IS THEREFORE ORDERED THAT:</b>

3. Plaintiff shall have 21 days from the entry of this Order to respond to the remaining pending motions to dismiss (Docs. 10, 13); and his motion seeking to extend his response deadline (Doc. 21) is therefore **GRANTED** to that extent.

Date: 10/26/2022

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCUS FONTAIN,
    Plaintiff,

vs.

TERRY NESTOR, *et al.*,
    Defendants.

Case No. 1:22-cv-431
McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).