UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCUS FONTAIN,　　　　　　　　　　　　　　Case No. 1:22-cv-431
　　　　Plaintiff,　　　　　　　　　　　　　　　　　Hopkins, J.
　　　　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
　　　　v.

TERRY NESTOR, *et al.*　　　　　　　　　　　　**REPORT AND**
　　　　Defendants.　　　　　　　　　　　　　　**RECOMMENDATION**

　　　　Pro se plaintiff initiated this civil rights action on July 25, 2022. (Doc. 1). On February 1, 2023, the Court issued an Order denying plaintiff's "Motion for Referral to the Office of the Disciplinary Counsel of the Supreme Court of Ohio" (Doc. 19). (Doc. 51). The Clerk mailed a copy of the Order to plaintiff. On March 15, 2023, the mailing was returned with a notation that plaintiff was "deceased." (Doc. 52). On April 6, 2023, the Court issued an Order directing counsel for defendants to file a report regarding plaintiff's status. (Doc. 53).

　　　　Defendants reported to the Court their belief that plaintiff is deceased based, in part, on third party reports; but they were unable to obtain written verification of that fact—possibly due to plaintiff's suspected use of aliases. (*See* Docs. 54, 55). Because they were unable to provide a suggestion of death, defendants requested that the Court issue an Order to plaintiff to show cause why his case should not be dismissed for failure to prosecute. *See id.* On May 10, 2023, the Court issued an Order to plaintiff to show cause, in writing and within 15 days of the date of the Order, why the Court should not dismiss this case for want of prosecution. (Doc. 56). To date, plaintiff has failed to respond to the Order to show cause.

　　　　"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v.*

*Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to respond to the Order to show cause (Doc. 56) warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 5/30/2023

Karen L. Litkovitz
Chief United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MARCUS FONTAIN,  
    Plaintiff,

v.

TERRY NESTOR, *et al.*  
    Defendants.

Case No. 1:22-cv-431  
Hopkins, J.  
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).