UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | : | |
|---|---|---|
| MARCUS FONTAIN, | : | |
| *Plaintiff*, | : | Case No. 1:22-cv-431 |
| | : | |
| v. | : | Judge Jeffery P. Hopkins |
| | : | |
| TERRY NESTOR, *et al.*, | : | Magistrate Judge Karen L. Litkovitz |
| *Defendants*. | : | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation issued by Chief Magistrate Judge Karen L. Litkovitz on May 31, 2023 (Doc. 57), which recommends that this Court dismiss this matter with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b) and terminate it on the docket. For the reasons stated more fully below, the Court **ADOPTS** the Report and Recommendation. The Court also **DENIES** the pending motions **AS MOOT**. The pending motions are as follows:

- The Sandhu Defendants'[1] Motion to Dismiss the First Amended Complaint (Doc. 10);
- The Judicial Defendants'[2] Motion to Dismiss the First Amended Complaint (Doc. 13);
- Plaintiff's Motion for Enlargement of Time (Doc. 21);
- The Judicial Defendants' Motion to Strike the Second Amended Complaint, or in the Alternative, Motion to Dismiss (Doc. 25);

---

[1] The "Sandhu Defendants" refers collectively to Defendants Brian J. O'Connell; Strauss Troy, LPA; Harjinder Sandhu; H&R Cincy Properties, LLC, Jasreen Sandhu.
[2] The "Judicial Defendants" refers collectively to Defendants Judge Terry Nestor, Judge Robert Peeler, and former Judge Ethna Cooper.

- The Sandhu Defendants' Motion to Dismiss the Second Amended Complaint (Doc. 26);

- Plaintiff's Motion for Leave to File Second Amended Complaint and Motion to Expedite Consideration (Doc. 38);

- Plaintiff's Motion for Judicial Notice (Doc. 39);

- The Receiver Defendants'[3] Motion to Dismiss (Doc. 40); and

- Plaintiff's Motion to Strike (Doc. 43).

***

Plaintiff Marcus Fontain initiated this civil rights action *pro se* on July 25, 2022. Doc. 1. Plaintiff filed his First Amended Complaint on August 15, 2022. Doc. 5. The parties then filed various motions through the rest of the calendar year, including Plaintiff's Motion for Referral to the Office of the Disciplinary Counsel of the Supreme Court of Ohio ("Motion for Referral") (Doc. 19). The case was reassigned from Judge Matthew McFarland to Judge Jeffery P. Hopkins on December 21, 2022. Doc. 50.

On February 1, 2023, the Court issued an Order denying Plaintiff's Motion for Referral. Doc. 51. The Clerk mailed a copy of the Order to Plaintiff. On March 15, 2023, the mailed copy was returned as undeliverable with a notation that Plaintiff was "deceased." Doc. 52. On April 6, 2023, the Court issued an Order directing counsel for Defendants to file a report regarding Plaintiff's status. Doc. 53. Defendants reported to the Court the belief that Plaintiff is deceased based, in part, on third party reports; but they were unable to obtain written verification of that fact—possibly due to Plaintiff's suspected use of aliases. *See* Docs. 54, 55. Because they were unable to provide a suggestion of death, Defendants requested that

---

[3] The "Receiver Defendants" refers collectively to Defendants Prodigy Properties, LLC, Jeffrey Lane, April Lane, Zachary D. Prendergast, and Robbins Kelly Patterson & Tucker.

the Court issue an Order to Plaintiff to show cause why his case should not be dismissed for failure to prosecute. *See id.*

On May 10, 2023, the Court issued an Order to Plaintiff to show cause, in writing and within 15 days of the date of the Order, why the Court should not dismiss this case for want of prosecution. Doc. 56. Plaintiff never responded to the Order to show cause. And on May 31, 2023, Chief Magistrate Judge Litkovitz issued a Report and Recommendation, recommending the dismissal of this case with prejudice for Plaintiff's failure to prosecute. Doc. 57.

Because no objections have been filed and the time for filing such objections under Fed. R. Civ. P. 72(b) has expired, the Court reviews the Report and Recommendation for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Redmon v. Noel*, No. 1:21-CV-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

The Court has reviewed the Report and Recommendation (Doc. 57) and determined that it does not contain clear error. Therefore, the Court **ADOPTS** the Report and Recommendation in its entirety. Accordingly, it is hereby **ORDERED** that:

1. The Amended Complaint (Doc. 5) be **DISMISSED** with prejudice and **TERMINATED** on the docket of this Court; and
2. The pending motions in this matter (Docs. 10, 13, 21, 25, 26, 38, 39, 40, 43) are **DENIED** as moot.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would not be taken in good faith. The Court accordingly **DENIES** Plaintiff leave to appeal *in*

*forma pauperis*. In accordance with Fed. R. App. P. 24(a)(5), Plaintiff remains free to file a motion for leave to proceed on appeal *in forma pauperis* in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

    **IT IS SO ORDERED.**

Dated: January 30, 2024

                                                       Hon. Jeffery P. Hopkins
                                                     United States District Judge